UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KHYREE MANSON,

                              Plaintiff,

- against -

THE CITY OF NEW YORK, *et al.*,

                             Defendants.

------------------------------------------------------------------X

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

20-CV-08195 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/2021

**WHEREAS**, the parties in this action will be required to exchange certain documents and information pursuant to Rule 26 of the Federal Rules of Civil Procedure;

**WHEREAS**, the parties deem and/or may deem some of this information and these documents to be confidential, private, and/or subject to applicable privileges, or otherwise inappropriate for public disclosure;

**WHEREAS**, the parties object to the production of these documents unless appropriate protection for their confidentiality is assured; and

**WHEREAS**, good cause therefore exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorney for Plaintiff and the attorney for Defendants, as follows:

    1.    As used herein, "Action" shall mean <u>Khyree Manson v. City of New York, *et al.*</u>, 20-CV-8195 (CM) filed in the Southern District of New York;

    2.    As used herein, and without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

    a) DOC personnel and disciplinary-related records and information, and records of investigations regarding the conduct of Members of the Service of DOC conducted by DOC, or other agencies, unless such records and information can be lawfully obtained by a party by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available;

    b) any video and photographs taken with DOC-issued camera or by a member of DOC, depicting one or more DOC inmates;

    c) certain identifying and personal information of parties and witnesses;

    d) documents and information that may, upon a showing of good cause, during the pendency of this litigation, be designated Confidential Materials by the parties and the Court; and

    e) testimony concerning subsections (a) - (d), and documents and the information contained therein.

3. As used herein, and without waiving the right to later interpose objections concerning these documents, "Confidential Materials - Attorneys' Eyes Only" shall mean:

    a) certain identifying and personal information of Plaintiff's alleged assailants;

    b) any other documents or information that Defendants may in the future in good faith deem Confidential Materials - Attorneys' Eyes Only pursuant to this Order because of privacy, security, law enforcement, or governmental interests; and

    c) testimony concerning subsections (a) - (b), and documents and the information contained therein.

4. The documents and information as defined in Paragraph 2 shall not be deemed Confidential Materials to the extent, and only to the extent, that they are: (a) lawfully obtained by a party by subpoena or pursuant to FOIL; or (b) are otherwise publicly available.

5. The parties shall designate in good faith particular documents as Confidential Materials or Confidential Materials - Attorneys' Eyes Only by labeling such documents Confidential or Confidential - Attorneys' Eyes Only and/or by designating such

documents by Bates number in a writing directed to adverse parties. The producing party shall have a reasonable time to inspect and designate as Confidential Materials or Confidential Materials - Attorneys' Eyes Only documents sought from third-parties.

6. Any documents produced by a non-party pursuant to a subpoena or release in this Action and that are designated, by any party, as Confidential Materials or Confidential Materials - Attorneys' Eyes Only shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

7. The producing party may designate any document as Confidential Materials or Confidential Materials - Attorneys' Eyes Only pursuant to this agreement if necessary within a reasonable time after production of such documents to adverse parties.

8. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared for or in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of any other ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the producing party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

9. If any party objects to the designation of particular documents as Confidential Materials or Confidential Materials - Attorneys' Eyes Only, such party shall state such objection in writing to the producing party, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then, within thirty (30) days of receiving the producing party's response to the objecting party's objections, the objecting party shall seek judicial intervention. Any such materials or information shall remain Confidential

Materials or Confidential Materials - Attorneys' Eyes Only until the parties resolve the objection or there is a resolution of the designation by the Court.

10. Neither the receiving party nor its attorneys shall use the Confidential Materials produced in discovery in the Action for any purpose other than the preparation, or presentation, of the receiving party's case in the Action.

11. The receiving party's attorneys shall not use the Confidential Materials – Attorneys' Eyes Only produced in discovery in the Action for any purpose other than the preparation, or presentation, of the receiving party's case in the Action.

12. Neither the receiving party nor the receiving party's attorneys shall disclose the Confidential Materials to any person not a member of the staff of the receiving party's attorneys' office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of the receiving party's case in the Action, to those individuals described in subparagraph (b) below.

   b. Disclosure before trial may be made only to a party, to an expert who has been retained or specially employed by the receiving party's attorney in anticipation of litigation or preparation for trial of this Action, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the receiving party's attorney shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The receiving party's counsel shall retain the signed consent and furnish a copy of same to adverse parties' counsel upon request at a deposition or immediately before trial, although the name of an expert that the disclosing party's attorney does not intend to call as a trial witness may be redacted from such consent before it is produced.

13. The receiving party's attorneys shall not disclose the Confidential Materials - Attorneys' Eyes Only to any person not a member of the staff of the receiving party's attorneys' office.

14. Deposition testimony concerning any Confidential Materials or Confidential Materials - Attorneys' Eyes Only which reveals the contents of such materials shall be deemed Confidential or Confidential – Attorneys' Eyes Only, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY. Such portion of the transcript shall be deemed to be Confidential Materials or Confidential Materials - Attorneys' Eyes Only within the meaning of this Stipulation of Confidentiality and Protective Order.

15. If a party seeks to file papers with the Court that incorporate Confidential Materials or Confidential Materials - Attorneys' Eyes Only, or reveal the contents thereof, he shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether opposing counsel objects to that request. No materials shall be filed under seal unless the Court has issued an Order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

16. Where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, a party may file redacted documents without further order of the Court.

17.     Within thirty (30) days after the termination of this Action, including any appeals, the Confidential Materials and Confidential Materials - Attorneys' Eyes Only, including all copies, non-conforming copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the producing party's attorney upon request. Notwithstanding this provision, the receiving party's counsel may retain one copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work-product, even if such materials contain Confidential Materials or Confidential Materials - Attorneys' Eyes Only, so long as appropriate safeguards (at least as stringent as those used to protect the party's own information of like nature) are imposed to prevent the use of any copies for any other purpose. Confidential Materials or Confidential Materials - Attorneys' Eyes Only which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials and Confidential Materials - Attorneys' Eyes Only.

18.     This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials or Confidential Materials - Attorneys' Eyes Only are produced or disclosed. All information or documents that have been deemed Confidential or Confidential Materials - Attorneys' Eyes Only pursuant to this Order, including all copies and non-conforming copies thereof, shall remain Confidential or Confidential - Attorneys' Eyes Only for all time. Once the Action has been resolved, including all appeals, the Confidential Materials and Confidential Materials - Attorneys' Eyes Only, including all copies and non-conforming copies thereof, shall not be used by the receiving party,

the receiving party's counsel, or anyone receiving confidential documents pursuant to paragraph 12 herein, for any purpose without prior Court approval.

19. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

20. The terms of this Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

21. Nothing in this Stipulation and Protective Order shall be construed to limit a producing party's use of that party's own Confidential Materials or Confidential Materials - Attorneys' Eyes Only in any manner.

22. The Court will retain jurisdiction over all persons subject to this Stipulation and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the

right, in its sole discretion, to modify this Stipulation and Protective Order at any time.

Dated: **May 18th, 2021**
New York, New York

MICHAEL LUMER, ESQ.
Lumer Law Group
*Attorney for Plaintiff*
233 Broadway, Suite 900,
New York, NY 10279

By: _____  5/18/2021
Michael Lumer, Esq.

JAMES E. JOHNSON
Corporation Counsel of the City of New York
*Attorneys for Defendants*
100 Church Street,
New York, New York 10007

By: *Joanne M. McLaren*
Joanne M. McLaren

SO ORDERED:

Dated: New York, New York
19 May _____, 2021

_____
HON. COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

8

### THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Stipulation of Confidentiality and Protective Order, entered in the United States District Court for the Southern District of New York in the action entitled Khyree Manson v. City of New York, et al., 20-CV-8195 (CM), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials or Confidential Materials - Attorneys' Eyes Only defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials or Confidential Materials - Attorneys' Eyes Only except in testimony taken in this case.

Date: _____

Signature: _____

Print Name: _____

Occupation: _____